UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLARD EARL MITCHELL,<br><br>　　　　　Petitioner,<br><br>v.<br><br>GARY SWARTHOUT, Warden,<br><br>　　　　　Respondent. | Case No. 11cv2338-JLS (BLM)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[ECF No. 16] |

On March 13, 2012, Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis*, moved this Court to appoint counsel. ECF No. 16. In support of his motion, Petitioner states that he "is without funds to hire counsel and without funds to pay costs or for investigators," and that he would like counsel "so that his interests may be protected and afforded due process of law . . . due to the complexity of the issues involved." Id. at 2. In addition, Plaintiff "requests counsel in order that counsel may prepare for an evidentiary hearing and/or requests for discovery." Id. Having considered the request submitted by Petitioner and the applicable law, and for the reasons set forth below, Petitioner's motion for appointment counsel is **DENIED** without prejudice.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Nevius v. Sumner,

105 F.3d 453, 459 (9th Cir. 1996) (noting that there currently exists no constitutional right to appointment of counsel in habeas proceedings); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).  However, courts may appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. §2254 whenever the court "determines that the interests of justice so require." 18 U.S.C. §3006A(a)(2)(B); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990) (citing 18 U.S.C. §3006A(a)(2)(B)); Chaney, 801 F.2d at 1196 ("Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.").  Whether or not to appoint counsel is a matter left to the court's discretion, unless an evidentiary hearing is necessary. Knaubert v. Goldsmith, 791 F.2d 722, 728-30 (9th Cir. 1986) (explaining that the interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition.).

The court's discretion to appoint counsel may be exercised only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).1  "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.  Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (citations and internal quotation marks omitted).

The Court has reviewed the Petition for Writ of Habeas Corpus (ECF No. 1) and the Request for Appointment of Counsel (ECF No. 16) submitted by Petitioner in this case.  Each filing not only indicates that Petitioner has a sufficient grasp of his individual claims for habeas relief and the legal issues involved in those claims, but also that Petitioner is able to articulate those claims adequately without assistance.  Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel as it is simply not warranted by the interests of justice.  See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for

1  appointment of counsel where pleadings demonstrated petitioner had "a good
2  understanding of the issues and the ability to present forcefully and coherently his
3  contentions"). The Court also finds that while Petitioner has asserted sufficient facts to state
4  a claim for federal habeas relief, he has not established a likelihood of success on the
5  merits. See Terrell, 935 F.2d at 1017. Finally, it does not appear that there is any grounds
6  for either discovery or an evidentiary hearing.

7  At this stage of the pleadings, the Court finds that the interests of justice do not
8  require the appointment of counsel and that this habeas proceeding does not present
9  "exceptional circumstances" justifying the appointment of legal counsel. Accordingly,
10 Petitioner's Request for Appointment of Counsel is **DENIED** without prejudice.

11 **IT IS SO ORDERED**.

13 DATED: March 15, 2012

*[signature: Barbara Major]*

15 BARBARA L. MAJOR
   United States Magistrate Judge